[Civil No. 4030. Filed March 6, 1939.]

[87 Pac. (2d) 797.]

JOSEPH SUNSERI, Appellant, v. JOE KATZ, Sometimes Known as JOE KOTZ, Appellee.

Mr. Henry C. Beumler and Mr. Henry W. Beumler, for Appellant.

(No appearance for Appellee.)

LOCKWOOD, J.—Joe Katz, hereinafter called plaintiff, brought suit against Joseph Sunseri, hereinafter called defendant, to cancel a certain deed executed by plaintiff in favor of defendant. The action was tried to the court sitting with a jury, and judgment was rendered in favor of plaintiff, whereupon this appeal was taken.

Defendant has filed his brief and record on appeal, but plaintiff has failed to appear and answer, Notwithstanding this, we shall examine the case to see whether substantial error was committed during the trial. The complaint alleges, in substance, that plain-

tiff was the owner of certain real estate in Cochise county, and that on the 7th of January, 1937, he was about the age of eighty years, and was, and for some time prior thereto had been, infirm mentally and physically, unable to read or write the English language, and wholly incapacitated for business. It continued that while he was in such condition, defendant fraudulently took advantage of his incapacity and procured him to sign a warranty deed conveying all of his real estate to defendant, falsely and fraudulently representing to him that such deed was a mere matter of form. It is further alleged that defendant had caused said deed to be recorded, and the prayer was that the deed be declared void, and that it be produced and delivered up for cancellation.

Defendant answered, denying all the material allegations of the complaint, except that he did cause to be recorded the instrument in question, which was a deed, and as a separate defense set up that the deed was executed by plaintiff in favor of defendant for a valuable consideration, which consideration the defendant was ready, able and willing to pay; that at the time of its execution the nature of the instrument was fully explained to the plaintiff, and that the latter, being of sound and disposing mind and memory, and not under duress, undue influence or fraud, signed and delivered the deed to the defendant of his own free will. Issue was joined, and a number of witnesses testified, including plaintiff and defendant. Plaintiff stated, in substance, that at the time he signed the deed he was sick and in bed and did not know the nature of the instrument. Defendant, on the other hand, said that plaintiff voluntarily stated that he desired to make a gift to defendant, who was his nephew, of all of his property. Defendant's daughter, who was more definite in her evidence than either plaintiff or

defendant, testified, in substance, that plaintiff said to her,

"You have all been taking care of me and I would like to make out some papers to give my property to your dad because I appreciate what you have done for me",

and that the deed was made in pursuance of this statement.

There was considerable testimony to the effect that plaintiff was a man of over eighty years of age; that he could neither read nor write the English language; that he was not at the time of mental capacity sufficient to engage in any ordinary business transaction, and that as soon as he was informed what he had done he repudiated it. A medical witness who testified stated that plaintiff's mentality at the time was about that of an eight or nine year old child.

On this evidence the jury returned a general verdict in favor of plaintiff, and this being an equity case, the court adopted the verdict of the jury and made certain special findings of its own, which were, in substance, that the plaintiff was at the time of the execution of the deed wholly incapable mentally of attending to any business of any nature whatsoever, and that while he was in such condition defendant fraudulently represented to plaintiff that the deed was a matter of mere form, and that the latter, being induced thereto by the confidential relations existing between him and defendant, and acting thereon, signed the deed. The conclusion of law was that the deed was null and void, and wholly ineffective and should be cancelled, and judgment was rendered accordingly.

There are four assignments of error which we shall consider as seems advisable. The first is that the evidence does not support the judgment. This assignment is not well taken, as a consideration of

the summary of the evidence above set forth clearly shows.

■ The next assignment is that the court erred in sustaining plaintiff's objection to the question asked of the defendant, "How much were you out?" This ruling cannot be understood without a consideration of the context of the question. The material issue raised by the pleadings was whether the deed was or was not obtained by fraud, plaintiff claiming that it was, and defendant alleging that it was not. The reporter's transcript shows that there were but two material questions presented by the evidence, (a) was the plaintiff at the time of the execution of the deed competent to transact business and understand the nature of the deed he signed? and (b) did defendant fraudulently misrepresent to him the nature of the instrument so that he signed it not realizing what it was?

It is urged by defendant that the question above set forth was asked in an attempt to show that he had expended a considerable sum of money in coming from Chicago to Douglas to take care of his uncle, and that this expenditure was a part of the consideration for the deed. We think the question was immaterial. The testimony on behalf of defendant, if true, showed a gift, and not a conveyance for a valuable consideration. The relationship between the parties was sufficient to support a deed of gift and we think therefore, since the issue was fraud and not want or failure of consideration, any evidence of a monetary consideration was immaterial.

■ The next assignment of error is that the court erred in refusing to give certain instructions requested by defendant. One of the instructions is predicated on the theory that the deed was for a valuable consideration. As we have stated, this was not an issue

under the evidence and it was, therefore, not necessary that an instruction on the question of consideration be given.

■■ The second requested instruction reads as follows:

"Fraud is never to be presumed, but must be affirmatively proven by the party alleging the same. The law presumes that all men are fair and honest—that their dealings are in good faith, and without intention to disturb, cheat, hinder, delay or defraud others; where a transaction called in question is equally capable of two constructions—one that is fair and honest and one that is dishonest—then the law is that the fair and honest construction must prevail and the transaction called in question must be presumed to be fair and honest."

The record shows that the court gave the first sentence but declined to give the remainder of the instruction. The portion of the instruction not given correctly states the law. *Schroeder* v. *Walsh*, 120 Ill. 403, 11 N. E. 70. But was it reversible error not to give it? The court instructed the jury that fraud is never to be presumed, but must be affirmatively proven by the party alleging the same, and not only did this, but several times told it that the burden of proof was on the plaintiff at all times to prove his case by a preponderance of the evidence, and that if the jury believed that the evidence was evenly balanced, the plaintiff could not recover and the verdict should be for the defendant. We think in view of these instructions the jury must have believed that the burden was at all times upon the plaintiff to show the existence of fraud affirmatively, and that fraud was not to be presumed. While it might have been better to give the requested instruction as asked, we think the failure to do so had no influence upon the verdict and findings of the court, and under section 22, article 6,

Constitution of Arizona, the error is not sufficient to justify a reversal of the case. This disposes of all the assignments of error.

On the whole record, we are of the opinion that the material issue of whether the plaintiff was competent to execute a deed of gift of his property in favor of his nephew, and whether he did execute such a deed with knowledge of what he was doing was fairly presented both by the evidence and the instructions of the court to the trial jury, and was resolved by both court and jury against defendant.

This being the case, the judgment is necessarily affirmed.

ROSS, C. J., and McALISTER, J., concur.