[Civ. No. 4310.   Filed April 28, 1941.]

[112 Pac. (2d) 866.]

HAL W. RICE, E. C. HOULE, R. D. KENNEDY, CHARLES W. SECHRIST, E. W. PHILLIPS and W. W. WATKINS, Appellants, v. PAUL TISSAW, Appellee.

Messrs. Moore & Romley and Messrs. Sloan, Scott & Green, for Appellants.

Mr. Richard G. Johnson and Mr. Lemuel P. Mathews, for Appellee.

Mr. Jacob Morgan, *Amicus Curiae.*

LOCKWOOD, C. J.—Paul Tissaw, plaintiff, brought suit against Hal W. Rice, E. C. Houle, R. D. Kennedy, Charles W. Sechrist, E. W. Phillips and W. W. Watkins, defendants, for damages. The case was tried to the court sitting with a jury and judgment rendered in favor of plaintiff for the sum of $2,000 actual, and $4,000 punitive, damages, whereupon this appeal was taken.

Plaintiff's counsel admitted in oral argument that the complaint was not a model of pleading, and we agree with him. As well as we can determine from a careful examination thereof, it alleges in substance as follows: On August 3, 1937, plaintiff was an employee of Coconino county as a laborer, doing construction work. On that date, while engaged in his employment, he was injured by a fall of cinders upon him. He reported the accident to the Industrial Commission of Arizona, hereinafter called the commission, and it found that he was entitled to compensation for injuries received as a result of the accident, and paid him $90 per month for approximately nine months.

During the time he was drawing compensation, defendants Kennedy, Houle and Watkins had examined him, and were well acquainted with his condition as it existed on May 9, 1938. On that date the commission desired to stop all further compensation to plaintiff, and sent him to defendants for a medical examination. These defendants were all doctors regularly employed by the commission and knew that if they rendered a false report as to the condition of plaintiff the commission would be justified, as a matter of law, on the face of the report in taking the action which it desired to take as aforesaid, and being willing, on account of the fact that they had received certain compensation from the commission for their services, to render any report, true or false, which the commission desired, they "willfully, deliberately, wrongfully, unlawfully and purposely did falsely report to the Industrial Commission" that plaintiff was cured of the injuries which he had received in the accident and the ill effects resulting therefrom had disappeared. Plaintiff then alleged that he had never recovered from the result of the accident, and had defendants reported truly on his condition he would have been entitled to, and would have received, further compensation, and that he had been damaged by the false report of defendants in the sum of one hundred thousand dollars actual, and fifty thousand dollars punitive, damages.

The complaint apparently attempts to set up a conspiracy between the commission and the defendants to prevent plaintiff from receiving industrial compensation to which he was entitled under the law by means of a false report made to the commission as to his physical condition and the cause thereof, which report the commission knew at the time to be false.

The action, if it has any basis at all, is one for false and fraudulent representations by defendants. We have defined the elements of actionable

fraud in *Moore* v. *Myers,* 31 Ariz. 347, 253 Pac. 626, 628, as follows:

"(1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury. 26 C. J. 1062. If these factors all appear, a cause of action for fraud will unquestionably exist."

We further amplified this in *Stewart* v. *Phoenix National Bank,* 49 Ariz. 34, 64 Pac. (2d) 101, 105, by saying:

"If the complaint states all these elements, plaintiff should have been permitted to present his evidence. If it does not, the court was correct in its ruling, for, if the complaint does not state a cause of action, it is a foolish thing to proceed to trial thereon, as the defect is one which may be taken advantage of at any time. Section 3777, Rev. Code 1928."

While it is not claimed defendants made representations of any nature to plaintiff, it is obviously the theory of the case that they were under a duty to him to make true representations as to his physical condition to the commission, in order that the latter might be properly advised as to whether he was entitled to further compensation. This proposition is, of course, correct. *Cole* v. *Town of Miami,* 52 Ariz. 488, 83 Pac. (2d) 997. But the complaint does not allege that defendants made a false report to the commission, whereby the latter was deceived and acted in reliance thereon, but that the commission well knew all the time that the representations were false and were made at its request as a mere excuse for its doing something which it knew perfectly well it had no right to do.

■ During the course of the oral argument of the case, counsel for plaintiff was requested by this court to point out the evidence which showed this wicked conspiracy between the commission and defendants, and he very frankly admitted that there was no evidence whatever in the record that the commission ever intimated to defendants that it desired a false report, or that it knew or suspected the report made to it was false. On the contrary, both then and in his brief he insisted that the commission acted in good faith and was deceived by the false representations of defendants. The judgment cannot be sustained on the theory of a conspiracy between defendants and the commission to defraud plaintiff.

Counsel for plaintiff, in his argument, apparently recognized the dilemma in which the pleadings, which by the way were not drawn by him, as viewed in the light of the evidence, placed him and stated frankly that the case was not presented to us on the theory that the commission was *particeps criminis* in a conspiracy to defraud plaintiff, but rather that the commission desired nothing except that the law should be followed and that all compensation due plaintiff under the true facts should be paid him, and that it honestly believed the report of defendants to be true and acted thereon in reliance upon the truth of the report.

■ Assuming, for the sake of the argument, that this theory of the case is the one really presented by the pleadings, let us examine the law and the evidence to see whether it justifies the judgment against defendants. If this be the true interpretation of the language of the complaint, it does state a cause of action against defendants. But this is not sufficient. The material allegations must be proved by a legal sufficiency of evidence. The gist of the action upon this theory is fraudulent representations by defendants to the commission. Such representations may

either constitute actual fraud, when the representations are, to the knowledge of the party making them, false, or else constructive fraud, when the party does not know their falsity, but makes them recklessly, when it is his duty to ascertain the truth before speaking. We consider the evidence from each standpoint.

It must be remembered that the alleged false statements on which the action is based are not positive statements of fact. They are that, in the opinion of defendants as medical experts, there was no existing compensable condition of plaintiff on May 9, 1938, as a result of the accident of the previous August 3. It is a well known fact that medicine is not an exact science like mathematics, physics or chemistry, but is peculiarly, and above all others known to man, an uncertain one, based on the opinion and best judgment of men who have made a lifelong study thereof. Particularly is this true when the question arises as to the specific cause of a physical condition claimed to exist. In the present case, in order to establish actual fraud, it was necessary for plaintiff to show by clear and convincing evidence that the accident of August 3 was the cause of an existing physical condition on May 9 which entitled him to compensation under the law, and that defendants knew this to be true.

The only testimony which plaintiff offered to show that he was in a condition which entitled him to compensation consists of his own statements of subjective symptoms and the effect thereof, the testimony of one physician who said the X-rays showed certain abnormalities of plaintiff's bony structure but who did not express any opinion as to whether those abnormalities were caused by the accident of August 3, and the testimony of four lay witnesses who said, in substance, that plaintiff complained of his physical condition and said that he was unable to work as he had prior to the accident.

It is admitted there is no direct evidence that defendants knowingly made a false statement as to plaintiff's condition or the cause thereof, but much time was spent in arguing as to the evidentiary effect of the fact that defendants received compensation from the commission for their services in making the examination of plaintiff. If this be proof of actual fraud, then every doctor and every lawyer who expresses an opinion concerning the correctness of which a doubt may later arise, and receives a fee therefor, may be found guilty of fraud on that evidence alone. Plaintiff's counsel admit there is no evidence that the commission wanted a false report, and, indeed, insisted that they did not, but desired only the truth. What conceivable motive, under such circumstances, was there for defendants to make a false report to the commission?

█▌ Fraud is never presumed. Nor can it be found to exist on a mere suspicion as to the possibilities thereof. *Ruby* v. *United Sugar Companies,* 56 Ariz. 535, 109 Pac. (2d) 845; *Sunseri* v. *Katz,* 53 Ariz. 234, 87 Pac. (2d) 797. It must be established by clear and convincing evidence. *Cole* v. *Town of Miami,* *supra.* And plaintiff has completely and utterly failed to present evidence which would even raise a reasonable suspicion of actual fraud.

█ We come next to the question of constructive fraud. Even though defendants had not deliberately, knowingly and intentionally made a false report, we think that if they failed to use proper care in making their investigation as to plaintiff's condition, it would have been constructive fraud. But the test of proper care in a case like this is the same as in an action for malpractice. It is whether the physician possessed and exercised the same care in the performing of his duties as was ordinarily possessed and ex-

ercised by other physicians of the same class in the community in which he practiced. *Butler* v. *Rule,* 29 Ariz. 405, 242 Pac. 436. Since the test is in regard to the knowledge and conduct of other physicians, it is practically universally held that only physicians are competent witnesses as to what that standard of knowledge and conduct is. *McGraw* v. *Kerr,* 23 Colo. App. 163, 128 Pac. 870; 48 C. J. 1150 and note. There is not even a suggestion in the record that each and all of the defendants did not possess and exercise not only the ordinary but the highest degree of skill in their profession in their examination of plaintiff. There is no evidence whatever that there was any constructive fraud.

Since plaintiff's counsel admit there was no evidence of a conspiracy between the commission and defendants to have a false report made, and since the evidence utterly fails to raise even a reasonable suspicion that defendants were guilty of either actual or constructive fraud in their report to the commission, which admittedly desired only to do that which the law required, the judgment cannot be sustained. It is reversed and remanded with instructions to render judgment for defendants.

McALISTER and ROSS, JJ., concur.