367 P.2d 643

Anna H. HOLAWAY, a widow, Appellant,

v.

REALTY ASSOCIATES, Gordon Strunk and Arveda Strunk, husband and wife, Gordon Strunk, husband of Arveda Strunk, in his sole and separate capacity, Lloyd Laws and Cecelia W. Laws, husband and wife, Cecelia Laws, wife of Lloyd Laws, in her sole and separate right, Marshall J. Brooker, a single man, and Tucson Title Insurance Company, an Arizona corporation, as Trustee, Appellees.

No. 7102.

Supreme Court of Arizona,
En Banc.

Dec. 27, 1961.

Oliver J. Laubscher, Tucson, for appellant.

Lawrence E. Holladay and Sidney Weissberger, Tucson, for appellees Realty Associates, Strunk, Laws, and Brooker.

Fickett & Dunipace, Tucson, for appellee Tucson Title Ins. Co.

JENNINGS, Justice.

This appeal involves the incidents arising out of a dispute over an option contract wherein Anna H. Holaway, hereinafter called plaintiff, filed suit in the superior court of Pima county for cancellation of the contract. The action was tried before a court sitting without a jury.

Plaintiff claimed cancellation on the following grounds: (1) that said option contract was void because of its indefiniteness, (2) that the option contract was signed by the parties when there was no meeting .of the minds as to the amount, quantity and description of certain parcels of land to be encumbered by each of four first mortgages to be executed by the parties in accordance with the provisions of the option contract, (3) that the plaintiff was induced to sign the option contract by fraud and misrepresentation, (4) that the trial court exceeded its jurisdiction in providing in its judgment that defendant have 8 months after final judgment to perform the terms of the option.

The trial court ruled for the defendants, Realty Associates, et al., and based its decision on twenty-six specific findings of fact from which it laid down thirteen propositions of law upholding the option contract.

The court found that an option contract was signed by plaintiff and Realty Associates on January 3, 1958, that there was consideration for the option contract and that the plaintiff voluntarily entered into said agreement. Further, the court found that plaintiff on April 15, 1958, voluntarily signed a trust deed trust agreement, on

August 17, 1958 signed amendments to the original option contract, and that there was no fraud perpetrated upon her.

■ There was evidence to support the court's finding that the plaintiff was informed and had a knowledge of the contents of both the original option contract and the amendments to same. The record discloses that plaintiff had been advised by competent legal counsel subsequent to the signing of the original option agreement, and that later she willingly entered into the amended agreement.

Plaintiff who was an elderly woman of considerable business experience, had previously dealt with real estate transactions, including mortgage matters without the aid of professional advice. At all times plaintiff had the opportunity to consult her attorney or other persons before signing any of the instruments in question.

Thirty days prior to the option termination date defendants had not completed obtaining the approval of the subdivision plat (relating to the realty concerned in the option contract) by the city and county zoning authorities. In compliance with the terms of the option contract defendants gave notice in writing expressing their desire to extend the contract for an additional six-months period and tendered the agreed sum of $500. Plaintiff therein refused to accept tender of the money for the extension of time. Defendants therein placed the money in custody of the trustee, Tucson Title Insurance Company.

The trial court found that the defendants were willing and ready to perform their obligations under the terms of the instruments in question, but that the actions of plaintiff prevented them from being able to fulfill the terms of the agreements. Plaintiff communicated with the trustee and advised trustee of her desire of having the property deeded back to her.

Plaintiff now brings five assignments of error which resolve themselves into the following issues: (1) whether the option contract and the evidence in support thereof was too indefinite and uncertain to sustain the judgment in that the land which was to be encumbered by the mortgages was not sufficiently identified, (2) whether the trial court erred in determining there was insufficient evidence to sustain plaintiff's allegation of fraud, (3) whether the trial court exceeded its jurisdiction in extending the time for performance of the option contract in conformity with its decision.

■ It is true that the evidence is in conflict. However, we have repeatedly held that where the evidence is in conflict we will not substitute our opinion thereof for that of the trial court. It is also true that the evidence will be taken in the strongest manner in favor of the appellee and in support of the result of the trial court, and that when there is any reasonable evidence to

support it, a judgment will not be disturbed. Kellogg v. Bowen, 85 Ariz. 304, 337 P.2d 628; Sturges v. Tongeland, 83 Ariz. 148, 317 P.2d 941.

In considering the first issue above we are satisfied there was sufficient evidence to sustain the court's judgment. In Gamble v. Consolidated National Bank of Tucson, 33 Ariz. 117, 121, 262 P. 612, 613, this Court held:

> "The security is described as 'my interest in and to said estate * * * or so much thereof as may be sufficient to repay * * * the said sum of $9,400. * * *' It is necessary, of course, that a description of the particular property intended to be charged with the payment of a debt be such as to identify it or furnish the means of its identification. 41 C.J. 399, §§ 236 and 237; 3 Pomeroy's Equity Jurisprudence, § 1235; 41 C.J. 294, § 34. Here the security is described as of the estate of Alice F. Cameron, deceased. The real property belonging to the estate was located in Pima county and of record in the office of the county recorder of that county in the name of the deceased. Thus the description contained in the mortgage, or security agreement, furnished ample means to identify the particular real property intended to be charged."

In the instant case the contract certainly furnished ample means to identify the particular real property intended to be charged. Though the option contract failed to describe the individual parcels of land to be mortgaged as security for the payment of each promissory note, and though it did not specify the amount or quantity of land to be encumbered by each mortgage, such descriptions, amounts and quantities were to be determined by a proposed plat or plot to be prepared in the future by the agent of the defendants. This method of determination was understood and agreed to by both parties to the transaction. A well-known maxim of equity says: "That is certain which can be made certain."

The defendants were therefore able to satisfy the trial court with respect to the certainty by oral testimony, maps, diagrams and the exhibits introduced in evidence. A determination of the surrounding facts and circumstances, consideration of which is necessary to determine ambiguities in a contract such as this option agreement, is for a trier of the facts, and its determination will not ordinarily be disturbed by this Court. Kreig v. Hammels, 29 Ariz. 280, 240 P. 1031.

Relevant to issue No. 2 this Court stated in Brazee v. Morris, 68 Ariz. 224, 227, 204 P.2d 475, 476:

"This court has repeatedly held that when fraud is relied upon, either in the complaint or the answer, it must be established by clear and satisfactory evidence. Schwalbach v. Jones, 27 Ariz. 260, 232 P. 558. We have expressed the applicable rule in these words: 'Fraud is never presumed. Nor can it be found to exist on a mere suspicion as to the possibilities thereof. Ruby v. United Sugar Companies, 56 Ariz. 535, 109 P.2d 845; Sunseri v. Katz, 53 Ariz. 234, 87 P.2d 797. It must be established by clear and convincing evidence. Cole v. Town of Miami, supra [52 Ariz. 488, 83 P.2d 997]. * * *' Rice v. Tissaw, 57 Ariz. 230, 112 P.2d 866, 869; Smith v. Pinner, 68 Ariz. 115, 201 P.2d 741; 24 Am.Jur. Fraud and Deceit, section 255; 37 C.J.S., Fraud, §§ 94 and 114."

From a thorough review of the record we find no evidence of fraud. Several witnesses testified that the agreed purchase price was fair and reasonable. The plaintiff testified that she was anxious to sell the property and to obtain the proceeds. The evidence indicates that plaintiff was aware of the tax consequences of immediate recovery of proceeds and seemingly was satisfied as to the amended arrangements concerning payment and all other facets of the amended agreement. She testified that she had confidence in defendants' agent who handled the transaction. The trial court did not err in its finding that there was a meeting of the minds and that no fraud was perpetrated upon the plaintiff.

 We are satisfied the trial court did not exceed its jurisdiction in holding that defendants have additional time to perform the terms of the option contract in conformity with the court's decision. The cases are aptly summarized in 21 C.J.S. Courts § 88 pp. 136, 137, to wit:

"* * * a grant of jurisdiction, * * * implies the necessary and usual incidental powers essential to effectuate it, and, * * * every regularly constituted court has power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction, and for the enforcement of its judgments and mandates. * * *"

This is true even though the court may thus be called upon to decide matters which would not be within its cognizance as original causes of action.

The judgment is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concurring.