388 P.2d 239

**Josephine E. HANNER, Appellant,**

**v.**

**Arthur E. HANNER, Appellee.**

**No. 7005.**

Supreme Court of Arizona.

En Banc.

Jan. 15, 1964.

John M. Levy, Emmett R. Feighner, Phoenix, for appellant.

Johnson & Stewart, Phoenix, for appellee.

LOCKWOOD, Vice Chief Justice:

Arthur E. Hanner sued Josephine E. Hanner for divorce. By stipulation of the parties a Master was appointed under Rule 53, Rules of Civil Procedure, 16 A.R. S. After a lengthy trial, the lower court granted a "Brown" decree and divided the community property. Defendant appeals and makes numerous assignments of error. However, these assignments of error apply to four points: the validity of the reconciliation agreement, the division of the com-munity property, the assessment of the master's fees, and the weight of the evidence.

The facts are as follows: At the time the parties married in 1949, the husband possessed only a horse and a few hundred dollars. The wife owned considerable property. They separated in 1954, instituted divorce proceedings, entered into a recon-ciliation agreement on June 21, 1955, and lived together until a month before the filing of this action on June 4, 1957. By the terms of the reconciliation agreement, the real property known as the Patio Del Palms and the Duplex became community property and all other real property was recognized by the husband as the wife's separate property. The reconciliation agreement listed several encumbrances on the Patio Del Palms and the Duplex. These properties had been encumbered by the wife individually. These encumbrances were held by the Jefferson Standard Life In-surance Company and several others.

The lower court awarded the plaintiff-husband a one-half interest in the Patio Del Palms, the Duplex, and a horse. The rest of the property was awarded to the defendant-wife. The lower court ordered that the Patio Del Palms and the Duplex be sold within 180 days and that the gross amount received, less the two Jefferson Standard loans against these properties, be divided equally between the parties. The

wife, however, was ordered to assume and pay the other encumbrances against these two properties. Each party was ordered to pay his own attorney's fees, and the wife was ordered to pay the Master's fees and expenses.

The wife now complains that the lower court "abused its judicial discretion in ordering that appellant pay the fees and expenses of the Master; the debts and encumbrances mentioned in the Reconciliation Agreement other than the balance due on the Jefferson Standard Life Insurance mortgages and her attorney's fees." Having reviewed the statutes and cases pertinent to this case and having carefully examined the record in this case, we believe the trial judge did not abuse his discretion when dividing the community property.

 The law encourages the resumption of marital relations. Since the purpose of a reconciliation agreement is to restore marital relations, it harmonizes with public policy and will be upheld. Moayon v. Moayon, 114 Ky. 855, 72 S.W. 33, 60 L.R.A. 415, 102 Am.St.Rep. 303 (1903); Tyson v. Tyson, 61 Ariz. 329, 149 P.2d 674 (1944); Lundy v. Lundy, 79 Idaho 185, 312 P.2d 1028 (1957); 1 Bishop, Marriage and Divorce § 76; Williston, Contracts § 1744; Lindey, Separation Agreements and Ante-Nuptial Contracts § 71. The discontinuance in 1955 of the divorce suit between these parties and the resumption of marital

relations was sufficient and valid consideration to support the reconciliation agreement. Fisher v. Koontz, 110 Iowa 498, 80 N.W. 551 (1899); Tyson v. Tyson, supra. Consequently, the plaintiff in this case acquired a community interest in the Patio Del Palms and the Duplex.

 When dividing community property in a divorce action, a trial judge has wide discretion. ' A.R.S. § 25-318(A) provides:

"On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, according to the rights of each of the parties and their children, without compelling either party to divest himself or herself of title to separate property."

This statute does not require that the community property be divided equally between the divorced spouses. The trial court need not divide the property absolutely evenly, but may make such division in the manner it considers "just and right." Schwartz v. Schwartz, 52 Ariz. 105, 79 P.2d 501, 116 A.L.R. 633 (1938); Matlow v. Matlow, 89 Ariz. 293, 361 P.2d 648 (1961).

 As we have seen, the Patio Del Palms and the Duplex became community property of the parties as a result of the reconciliation agreement in 1955. We have carefully examined the entire record and

find no merit to the appellant's contention that the trial judge abused his discretion under A.R.S. § 25–318 when he divided the community property.

 Nor do we believe the trial judge abused his discretion when he ordered the wife to pay the Master's fees and expenses. Rule 53(a), Rules of Civil Procedure, in part provides:

"The compensation to be allowed to a master shall be fixed by the court, and *shall be charged upon such of the parties* or paid out of any fund or subject matter of the action, which is in the custody and control of the court *as the court may direct.*" (Emphasis added.)

Appellant also challenges several of the lower court's findings of fact. The evidence complained of here was conflicting. This court has long held that, where the evidence is conflicting, we will not disturb the findings of the trial court. Holaway v. Realty Associates, *90 Ariz. 289, 367 P. 2d 643 (1961).*

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER and BERNSTEIN, JJ., concur.

JENNINGS, Justice (concurring in part and dissenting in part).

I concur with the majority, except as to the assessment of the Master's fees entirely upon the appellant. The trial court should have apportioned such expense between the parties.