431 P.2d 107

**Norma J. O'LEARY, Appellant,**

v.

**Lynn A. O'LEARY, Appellee.**

**No. 2 CA–CIV 288.**

Court of Appeals of Arizona.

Aug. 22, 1967.

Cavness, DeRose, Senner & Foster by John W. Rood, Phoenix, for appellant.

R. N. Pomeroy, Orem, Utah, for appellee.

HATHAWAY, Chief Judge.

Norma J. O'Leary, defendant in an action for absolute divorce, asks that we order a new trial limited to the disposition of the community assets and liabilities. She contends that the evidence was obscure and indefinite and insufficient to justify awarding plaintiff the house and lot, allegedly the principal asset of the parties. The cause was tried to the court sitting without a jury. The parties will be referred to as plaintiff and defendant respective to their positions in the superior court action.

We have reviewed the authorities cited by both parties and having carefully examined the record, we conclude that the evidence, though conflicting in some respects, is not obscure and is sufficient to support the judgment.

At the time the parties entered their second marriage (this divorce action dissolved their second marriage to each other) in August of 1964, the defendant owned a 1959 Pontiac automobile with a trade-in value of approximately $700. Her husband had a little over $800 in the bank and he testified that his take home pay was approximately $105 per week.

The defendant admitted purchasing more than $2,000 worth of clothing and personal items for herself during the first ten months of the marriage. She also testified to community debts in the neighborhood of $2,700 incurred for the purchase of clothing for herself. On the day after their separation she withdrew $2,600 of community funds from the bank account in her name. The down payment on the house and lot awarded to the plaintiff was $400. At the time of the separation of the parties, not more than one monthly payment had been made on the balance owing on the property of approximately $13,000.

We are persuaded that the evidence as borne out by the record is sufficiently clear to support the broad discretion vested in the trial judge in distributing the community assets, A.R.S. § 25–318, subsec. A, as amended; Honig v. Honig, 77 Ariz. 247, 269 P.2d 737 (1954); Reed v. Reed, 82 Ariz. 168, 309 P.2d 790 (1957); Hanner v. Hanner, 95 Ariz. 191, 388 P.2d 239 (1964); DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966), and precludes legitimate complaint from the defendant.

The judgment is affirmed.

MOLLOY and KRUCKER, JJ., concur.