716 P.2d 59

**Ric CHRISTMAS, an unmarried man, and Betty Christmas, an unmarried woman, Plaintiffs/Appellants,**

v.

**Ira TURKIN and Sarah Turkin, husband and wife, Defendants/Appellees.**

**No. 2 CA–CIV 5512.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 18, 1986.

Dennis A. Rosen, Ltd. by Dennis A. Rosen, Tucson, for plaintiffs/appellants.

Dan W. Montgomery, Tucson, for defendants/appellees.

OPINION

BIRDSALL, Presiding Judge.

This appeal is from the trial court's granting of a partial summary judgment to the appellees, holding that the appellants Christmas had failed to exercise an option to purchase certain real property. The appellees had leased the property to the appellants. The lease contained the following paragraph:

"6. *OPTION TO PURCHASE.* Owner hereby grants to Tenants, during the first two (2) years of this Lease, the option to purchase the premises under the following terms and conditions:

a. Tenant may exercise the option by giving Owner written notice as provided herein on or before March 1, 1985.

b. Total purchase price shall be Ninety Thousand Dollars ($90,000.00), with Twenty Thousand Dollars ($20,000.00) as and for a down payment.

c. The remaining terms of the option to purchase shall be negotiated between

Tenant and Owner and memorialized in writing not later than March 1, 1985.

d. Tenant shall be given credit toward the Twenty Thousand Dollar ($20,-000.00) down payment for the Six Thousand Dollars ($6,000.00) which is being paid into an escrow account pursuant to Paragraph 5 of this Lease."

The referenced Paragraph 5 provided:

"5. *RENT PAYABLE BY TENANT TO OWNER.* Tenant agrees to pay Owner monthly on the first of each month as rent the sum of Seven Hundred Dollars ($700.00) per month. It is understood that the Two Hundred Fifty Dollars ($250.00) per month of this rent shall be placed in an escrow account to be used as and for a partial down payment on said property in the event Tenant elects to exercise the option to purchase set forth in Section 6 of this Lease. In the event Tenant elects not to exercise the option to purchase, all sums paid in said account shall be forfeited to the Owner as and for liquidated damages. Tenant shall also pay, upon commencement of this Lease, the last month's rent which shall act as security for Tenant's performance under this Lease." [1]

On August 3, 1984, the appellants tendered the total purchase price, $90,000, to the appellees and thereby claim to have exercised the option. The appellees refused the tender, and the appellants brought an action for specific performance.

The trial court explained its reasoning in an under-advisement minute entry ruling. It held, in part, that it was clear that the purchase was to be on terms and could not be validly exercised by payment of the entire purchase price as attempted. We agree. The trial court also found that the option agreement was indefinite and therefore unenforceable. Again, we agree.

The language of subparagraph c of paragraph 6 was clearly an agreement to make an agreement and therefore could not be specifically enforced. See *Cypert v.*

*Holmes,* 81 Ariz. 64, 299 P.2d 650 (1956), and *Ripps v. Mueller,* 21 Ariz.App. 159, 517 P.2d 512 (1973). In *Daley v. Earven,* 131 Ariz. 182, 639 P.2d 372 (App.1982), this court held: "Specific performance will not be granted if the parties have not agreed on one or more of the important, essential or material terms.... Furthermore, the contract must not leave a material and essential term or element for future negotiations and settlement." *Id.* at 185, 639 P.2d at 375 (citations omitted). The necessity for clearly defined terms is even more critical when an option is concerned.

In the converse of the instant case, Division One of our court rejected the lessee's claim that he was entitled to purchase the property on a deferred basis by reasoning that the option was not silent on the manner of payment but instead required full payment in cash before the lease expired.

"Our research leads us to the conclusion that the law is crystal clear that an option agreement must be strictly construed, in that it must be exercised in exact accord with its terms and conditions. *Oberan v. Western Machinery Co.,* 65 Ariz. 103, 174 P.2d 745 (1946). In *Hayward Lumber & Investment Co. v. Construction Products Corp.,* 117 Cal. App.2d 221, 255 P.2d 473 (1953), it was stated that:

Since the optioner is bound while the optionee is free to accept or not as he chooses, courts are strict in holding an optionee to exact compliance with the terms of the option.

If an option expresses a manner in which payment is to be made, the optionee must comply therewith in order to cause a contract of purchase to come into existence, 17 C.J.S. Contracts § 42, p. 680." *Rogers v. Jones,* 126 Ariz. 180, 182, 613 P.2d 844, 846 (1980).

In *Kidd v. Early,* 289 N.C. 343, 358, 222 S.E.2d 392, 403 (1976), the court explained:

"There is an important distinction between cases in which the parties have

---

1. The question of the appellees' liability, if any, for these escrow funds is pending before the trial court, to be determined after the resolution of this appeal.

purported to agree on a contractual provision and have done so in a vague and indefinite manner and cases in which they have remained silent as to a material term. In the latter case, the reasonable conclusion is that they understood the law would imply the omitted term."

The *Kidd* court then illustrated the importance of the distinction it had recognized by quoting with approval the Supreme Court of Colorado in *Eppich v. Clifford*, 6 Colo. 493, 498 (1883).

"If the memorandum [with reference to a sale of realty] showed that the sale was upon a credit, but failed to state the terms of such credit, or if in the statement thereof it was indefinite or uncertain, specific performance would be refused; but the memorandum being entirely silent, a sale for cash will be presumed, in such actions, to have been intended."

Over 70 years ago a case with almost identical facts came before the Montana Supreme Court. There the option clause read:

"It is hereby agreed that if the option for the purchase of the above property be exercised, that the terms for which shall be a payment of five thousand dollars ($5,000) cash at the time of the signing of deed of conveyance and the remainder of the purchase price of $10.00 per acre shall be paid on the terms and under such agreements as may hereafter be made." *Monahan v. Allen*, 47 Mont. 75, 130 P. 768 (1913).

In a detailed and well-reasoned opinion, the Monahan court concluded that the above language was too vague, indefinite, and uncertain to form the basis for a contract. The court also concluded that:

"The recital that $5,000 was to be paid upon the execution of the deed, and the balance thereafter upon such terms as might be agreed upon, negatives the idea that either party contemplated that the entire balance of $38,800 should be paid at once upon the execution of the deed; or, in other words, the idea that a cash transaction was in contemplation is completely disavowed." *Id.* at 78–79, 130 P. at 769.

We hold that the option agreement was too indefinite to be enforceable and could not be exercised by payment of the entire purchase price as attempted.

The appellants also contend that the trial court should not have considered affidavits and testimony of the appellees and their accountants that the reason for wanting the purchase price to be paid in installments was a more favorable tax treatment. They argue that this evidence violated the parol evidence rule. We disagree. The evidence was not introduced to vary the terms of the written contract but rather to explain the reason for wanting an installment sale. If the evidence was irrelevant, the trial court is presumed to have disregarded it. The trial court's reference to this evidence in the written decision clearly shows that it did not rely on the evidence in arriving at its decision. We believe the evidence was relevant and supports the result. It was never controverted, and it is therefore undisputed that the contract was made in a manner consistent with achieving favorable tax consequences for the appellees.

The appellees will be awarded attorney fees on appeal as requested upon filing a statement of costs pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S., and *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

Affirmed.

FERNANDEZ and HOWARD, JJ., concur.