IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DOUGLAS OFFERMAN, *Plaintiff/Appellee*,

*v.*

GRANADA LLC, *Defendant/Appellant*.

No. 1 CA-CV 16-0407
FILED 11-14-2017

Appeal from the Superior Court in Maricopa County
No. CV2014-015038
The Honorable Karen A. Mullins, Judge
The Honorable Katherine M. Cooper, Judge

**REVERSED AND REMANDED**

COUNSEL

Law Office of Lawrence K. Lynde, PLLC, Phoenix
By Lawrence K. Lynde
*Counsel for Plaintiff/Appellee*

Manning & Kass, Ellrod, Ramirez, Trester, LLP, Phoenix
By Richard V. Mack
*Counsel for Defendant/Appellant*

**OPINION**

Judge Michael J. Brown delivered the opinion of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Jennifer B. Campbell joined.

**B R O W N**, Judge:

¶1        Granada, LLC ("Granada") appeals the superior court's judgment in favor of Douglas Offerman ordering specific performance of an alleged option to purchase a home owned by Granada.  Because the option was not sufficiently definite to support specific performance, we reverse and remand for further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Offerman leased a home from Granada from August 2012 through August 2014.  Granada's principal Gilbert Houseaux, a licensed real estate agent, acted as the agent for both Offerman and Granada in the transaction.  Before the lease began, Offerman expressed an interest in purchasing the property, but Granada declined to sell at that time.  The parties, however, added the following language to their lease agreement, which Houseaux drafted:

> At the completion of the 24 month lease, the Tenant has the option to purchase [the] property . . . for a sales price to be determined at that time by an independent appraiser acceptable to both Tenant and Landlord.  (Terms and Conditions to be stipulated by both parties at such time).

> If the Tenant chooses to exercise his right to purchase this property at the end of the 2 year lease agreement, he shall be credited $200.00 of each $1900.00 of monthly rent paid towards purchase.

> The acceptable condition of the property when Tenant takes occupancy will be considered the condition Tenant agrees to accept at time of closing.  All inspections and contingencies to be performed and satisfied prior to initial move-in.  Property to be sold AS-IS.

¶3        As the end of the lease term neared, believing this language gave him an option to purchase the property, Offerman told Houseaux he intended to exercise the option and asked Granada to name an independent appraiser.  Receiving no response from Houseaux, Offerman retained an appraiser who valued the property at $240,000 and shared the appraisal with Granada.  Granada did not name an appraiser or obtain an additional appraisal.  Instead, Granada sent Offerman a draft purchase contract with a proposed $350,000 sale price, which Offerman rejected.  Granada later notified Offerman it would not renew the lease, but Offerman remained in

the house, paying the monthly rent of $1,900 for several months after the original lease term ended.

¶4            Offerman sued Granada for breach of contract, alleging Granada had failed to agree on an independent appraiser, refused to respond to Offerman's efforts to exercise the option by proposing a "grossly inflated" cash purchase price, and served him with an eviction notice rather than engaging in the purchase process.  Offerman asked the court to (1) order Granada to "specifically perform pursuant to the terms of the purchase option"; (2) set the purchase price at $240,000; (3) compel Granada to open escrow at a title company of Offerman's choosing and to "cooperate in the purchase process, the establishment and completion of escrow and the closing"; and (4) order all of the $1,900 payments Offerman made after September 1, 2014, be applied toward the purchase price.

¶5            After a bench trial, the superior court found that Offerman was entitled to specific performance of the option.  The court then held an evidentiary hearing "on all issues" relating to the form of judgment. Following that hearing, the court entered judgment ordering Granada to sell the property to Offerman for $240,000.  The court also, *inter alia*, named a title agency to hold escrow, determined the date for close of escrow, divided the various transaction fees between the parties, and ordered Granada to arrange for a property inspection.  The court further directed the title agency to use the judgment "as the escrow instructions" and ordered Granada to "convey clear and unencumbered fee simple title to the Property to [Offerman] at close of escrow."

¶6            Granada moved for a new trial, arguing the option could not be specifically performed because it lacked numerous material terms.  The superior court denied Granada's motion, awarded Offerman attorney's fees and costs, and entered final judgment.  Granada timely appealed.

## DISCUSSION

¶7            Granada argues the superior court erred in ordering specific performance because the option did not contain sufficiently definite terms.[1] Offerman counters that his timely exercise of the option created an

---

[1]        Granada also contends the option is unenforceable under the statute of frauds; however, because we hold the option is too indefinite to be specifically performed, we do not address whether it comports with the statute of frauds.

enforceable contract.[2]  The court's interpretation of an agreement presents a question of law that we review *de novo*.  *United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 257 (App. 1983).

**¶8**          Specific performance is an equitable remedy.  *Shreeve v. Greer*, 65 Ariz. 35, 39 (1946).  A court may properly order "specific performance of an agreement for the sale of land if the agreement is in writing, signed by the parties to be charged, . . . and is definite in its terms."  *Daley v. Earven*, 131 Ariz. 182, 185 (App. 1981).  But a court may not order specific performance if the parties did not agree on one or more "important, essential or material terms."  *Id.*; *see also* Restatement (Second) of Contracts ("Restatement") § 362 (1981) ("Specific performance or an injunction will not be granted unless the terms of the contract are sufficiently certain to provide a basis for an appropriate order.");  *T.D. Dennis Builder, Inc. v. Goff*, 101 Ariz. 211, 213 (1966) (stating that essential terms include "identification of the parties, a description of the subject matter of the contract, the purchase price and the time and conditions of payment").

**¶9**          An option does not require "completeness in every detail."  *Daley*, 131 Ariz. at 185.  Nevertheless, "[t]he necessity for clearly defined terms is even more critical when an option is concerned."  *Christmas v. Turkin*, 148 Ariz. 602, 603 (App. 1986).  "The more terms the parties leave open, the less likely it is that they have intended to conclude a binding agreement."  Restatement § 33 cmt. c.  In some circumstances, terms may be "certain enough to provide the basis for the calculation of damages but not certain enough to permit the court to frame an order of specific performance . . . and to determine whether the resulting performance is in accord with what has been ordered."  Restatement § 362 cmt. a; *see also* Restatement § 33 cmt. b (explaining that "greater definiteness may be required for an order of specific performance than for an award of damages").  Accordingly, the narrow issue we decide is whether the superior court properly ordered specific performance as a remedy for Offerman's breach of contract claim.

**¶10**          Offerman argues specific performance was proper under Restatement § 87(2), which states that "[a]n offer which the offeror should reasonably expect to induce action or forbearance of a substantial character on the part of the offeree before acceptance and which does induce such

---

[2]      Offerman also suggests that Houseaux breached his fiduciary duty and that Granada breached the implied covenant of good faith and fair dealing.  Offerman, however, did not name Houseaux as a defendant, nor did he allege a breach of the implied covenant of good faith and fair dealing against Granada.  Thus, we do not address those assertions on appeal.

action or forbearance is binding as an option contract to the extent necessary to avoid injustice." But Offerman cites no authority suggesting that action or forbearance based on an option whose terms are not definite, even if that action or forbearance is substantial, entitles a party to specific performance. *See* Restatement § 87 cmt. e (explaining that "[f]ull-scale enforcement of the offered contract is not necessarily appropriate" in cases falling within the scope of Restatement § 87(2)).

¶11 Offerman also contends, under *Holaway v. Realty Assoc.*, 90 Ariz. 289 (1961), that his option with Granada could be specifically performed because it established a clear method for determining a purchase price. *Holaway* involved an action for cancellation of an option contract in which the plaintiff asserted the option was void because it lacked a legal description of the property at issue. 90 Ariz. at 290. Our supreme court affirmed the superior court's order rejecting the plaintiff's claim, concluding the contract "furnished ample means to identify the particular real property intended to be charged." *Id.* at 292. The court explained that although the option failed to describe the parcels of land subject to the option, the parties "understood and agreed" that the descriptions were to be determined by a plat prepared by the defendants' agent. *Id.*

¶12 *Holaway* does not help Offerman's position. First, nothing indicates that the remedy of specific performance was at issue in that case. Second, the agreed-upon mechanism for establishing a legal description in *Holaway* is significantly different from this case. Although Offerman and Granada agreed on a mechanism to establish price by selecting an "independent appraiser," the selected appraiser had to be "acceptable to both Tenant and Landlord." The parties failed to provide an alternative method for selecting an appraiser for the impasse that ultimately occurred.[3] Third, the parties did not establish a means to determine the many other remaining undefined terms. For example, the option is silent as to the timing of payment or closing, terms of payment (earnest money, down payment, financing, and allocation of closing costs), condition of title upon conveyance, method of conveyance, and whether escrow would be handled by a title agency. Unlike in *Holaway*, the option did not specify a method

---

[3] Because it was not addressed by the parties on appeal, we do not decide whether the superior court could properly enter an order for specific performance (or an injunction) compelling Granada to engage in the agreed-upon process of selecting an independent appraiser to determine purchase price. *See generally* Restatement § 357 (explaining when specific performance is an available remedy).

for determining these terms; instead, the option expressly deferred negotiating the "Terms and Conditions" to the end of the lease term.

¶13        The present case is more akin to the facts and analysis in *Christmas*. In that case, a landlord granted the tenant an option to purchase the leased premises for a set price during the first two years of the lease term and agreed to credit a portion of the tenant's rent payments toward the down payment. 148 Ariz. at 602-03. The parties also agreed that "[t]he remaining terms of the option to purchase shall be negotiated between Tenant and Owner and memorialized in writing not later than March 1, 1985." *Id.* We held that the quoted language precluded specific performance because, based on the plain language of the lease, the purported option "was clearly an agreement to make an agreement." *Id.* at 603. We distinguished cases where "the parties have purported to agree on a contractual provision and have done so in a vague and indefinite manner," which are inappropriate for specific performance, from "cases in which [the parties] have remained silent as to a material term" where "the reasonable conclusion is that [the parties] understood the law would imply the omitted term." *Id.* at 603-04 (quoting *Kidd v. Early*, 222 S.E.2d 392, 403 (N.C. 1976)).

¶14        Here, as in *Christmas*, the parties did not expect that the law would imply the several remaining essential terms; their agreement specified they would determine those terms at "the completion of the 24 month lease." Further, at trial, Offerman confirmed that when he signed the lease, he intended to negotiate the option's additional terms and conditions at a later time, stating he anticipated an additional written purchase contract would be required to effectuate the sale of the property. Thus, given the absence of essential terms in the option language agreed to by the parties, an order of specific performance was not a proper remedy. *See The Power P.E.O., Inc. v. Employees Ins. of Wausau*, 201 Ariz. 559, 563, ¶ 22 (App. 2002) (stating specific performance is unavailable if the contract "leave[s] any material or essential term for future negotiation"); *see also* Restatement § 362 cmt. b ("If specific performance or an injunction is to be granted, it is important that the terms of the contract are sufficiently certain to enable the order to be drafted with precision because of the availability of the contempt power for disobedience.").

¶15        Indeed, to fashion the order of specific performance, the superior court held a separate evidentiary hearing to determine not only the purchase price but numerous other "Terms and Conditions," including naming a title agency to hold escrow and determining how to divide the various transaction fees, such as taxes, insurance, home warranty, lot

survey, homeowners' association, home inspection, termite inspection, lien release, and escrow fees. The court also directed the title agency to use the judgment "as escrow instructions," and ordered Granada to "convey clear and unencumbered fee simple title" to Offerman at close of escrow (on or before April 29, 2016). Of particular concern, some of the terms the court added are directly contrary to those specified in the parties' written agreement, including (1) directing Granada to arrange for a property inspection and provide disclosure statements and (2) permitting Offerman to cancel the contract if estimated repairs exceeded $5,000, even though the option stated the property would be sold in "AS-IS" condition as of the date Offerman took occupancy.

¶16            On a claim for specific performance, it is not within the superior court's authority to flesh out an option agreement that lacks certainty. *See Savoca Masonry Co., Inc. v. Homes & Son Const. Co., Inc.*, 112 Ariz. 392, 395 (1975) ("[T]he court's role is not that of contract maker. While custom, usage and implications can be used to prove a contract's existence, they cannot be the basis for providing numerous essential elements of an agreement."); *see also Cypert v. Holmes*, 81 Ariz. 64, 66 (1956) (finding, in the context of an incomplete agreement, that "no court will . . . make an agreement for the parties respecting those matters that have been left unsettled"). Therefore, we hold that the superior court erred in ordering specific performance of the option, but offer no opinion as to whether Offerman may yet pursue other remedies arising from his breach of contract claim. *See* Restatement § 362 cmt. a (recognizing that contract terms may be "certain enough to provide the basis for the calculation of damages but not certain enough to permit the court to frame an order of specific performance").

¶17            Based on our reversal of the superior court's judgment ordering specific performance, we vacate the court's award of attorney's fees and costs. On remand, the court shall consider the parties' requests for fees and costs, including reasonable attorney's fees incurred in this appeal, based on the ultimate outcome of the case. We award costs incurred on appeal to Granada upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶**18** Based on the foregoing, we reverse the superior court's order directing specific performance of the option. We vacate the court's award of attorney's fees and remand for further proceedings consistent with this opinion.



AMY M. WOOD • Clerk of the Court
FILED:  AA