299 P.2d 650

Ora A. CYPERT, Appellant,

v.

Frances F. HOLMES, Executrix of the Estate of Fred W. Holmes, deceased, Appellee.

No. 6139.

Supreme Court of Arizona.

July 16, 1956.

Milton L. Ollerton, Phoenix, for appellant.

Mark Wilmar, Phoenix, for appellee.

LA PRADE, Chief Justice.

This is an appeal from a judgment in the trial court dismissing the plaintiff's complaint on the ground that it did not state a claim upon which relief could be granted. Plaintiff was given the right to amend, but believing that his complaint did state a cause of action decided to stand on the complaint and appeal.

In brief the complaint alleges that the plaintiff, through an agent, was negotiating for the sale of certain lands located in Yuma County. On July 9, 1954, as a result of the negotiations, defendant wrote the following letter to plaintiff's agent:

"Enclosed is a check in the amount of $3,000.00 as earnest money or to be applied on lease money. We will pay you $47,500.00 cash on your land in Cibola Valley located in Section 6, 1, 2 and 3 being approximately 183 acres deeded land and adjoining Accreation land that runs with the deeded land. We reserve the right to pay the $47,-750.00 cash or lease with option to buy, for a term of three years for $17,000.00 leaving a balance due of $30,750.00 for the purchase price payable on or before June 1, 1957.

"We also reserve the right to exercise our option at any time we choose during the three-year period.

"If the above is acceptable by you we would like to set up the deal in

escrow at Phoenix Title & Trust Co., Yuma, Arizona, on or before July 16, 1954."

According to the complaint, plaintiff accepted the offer made in defendant's letter and opened an escrow with the title company prior to July 16, 1954, and executed and delivered to said company a lease containing the terms and option to buy as set forth in the above letter. Thereafter, defendant refused to go through with the deal and plaintiff instituted this action for damages allegedly resulting from said breach of contract.

The sole question before this court is whether the offer made by defendant and accepted by plaintiff created a valid lease with option to buy agreement, or whether the offer contemplated the settlement of additional necessary details before becoming final. If the former, the complaint is good; if the latter, it was properly dismissed.

In essence, defendant's letter suggests a three-year lease with option to buy the land in question. The total rent was to be $17,000 for the three years and said amount was to be credited against the purchase price of $47,750, leaving a balance of $30,750 if the option were exercised. There was no mention of when the lease was to commence, or when or how the rent was to be paid. The letter stated that defendant was to have the right to exercise the option at any time during the three-year term, but at the same time agreed to pay the balance of the purchase price, if the option were exercised, by June 1, 1957. This certainly was inconsistent since obviously the three-year period would have extended beyond June 1, 1957 if the lease were not to begin until at least some time in July, 1954.

■ We agree with the following language from Scholtz v. Northwestern Mut. Life Ins. Co., 8 Cir., 1900, 100 F. 573, 574, quoted with approval in Denson v. Mapes, D.C.Nev., 1947, 71 F.Supp. 503:

"It may be conceded that an agreement to enter into a lease will neither be enforced in equity nor at law if it appears from the face of the agreement that any of the terms of the lease, no matter how unimportant they may seem to be, are left open to be settled by future conferences between the lessor and lessee. In such cases there is no complete agreement; the minds of the parties have not fully met; and, until they have, no court will undertake to give effect to those stipulations that have been settled, or to make an agreement for the parties respecting those matters that have been left unsettled."

See Peer v. Hughes, 1923, 25 Ariz. 105, 213 P. 691; Mercer v. Payne & Sons Co., 1927, 115 Neb. 420, 213 N.W. 813; Keys v. Klitten, 1944, 21 Wash.2d 504, 151 P.2d 989.

See, also, Annotations—Contract—When Deemed Closed—122 A.L.R. 1217, 1251; 165 A.L.R. 756, 764.

■ We believe when the aforementioned omissions are considered in conjunction with the last paragraph of the letter, in which defendant suggests that the "deal" be set up in escrow, that defendant contemplated further negotiations before the transaction could be consummated.

Judgment affirmed.

WINDES and STRUCKMEYER, JJ., concur.

UDALL, Justice (dissenting).

It is my firm conviction that the offer set forth in defendant's letter, supra, coupled with plaintiff's acceptance thereof shows it to be a valid contract. In essence the letter —which must be construed most strongly against its author—is an offer backed with earnest money either to buy the land in question outright or to lease it for three years with an option to buy, payable on or before a date certain. The lease term— three years—is certain, as is the date on or before which the term is to commence, namely July 16, 1954.

The majority, in effect, have declared this offer and acceptance to be no more than "an agreement to make an agreement"

which this court held to be insufficient to bind the parties in Peer v. Hughes, supra. A comparison of the two documents relied upon, there and here, will readily disclose a vast distinction.

The offer, as I read it, sufficiently described the premises; a definite and agreed term was fixed; and a sufficiently definite and agreed price of rental and terms of option to purchase were specified. This, even according to the authorities cited in the majority opinion, is all that is necessary to create a binding contract. See, also, Schlageter Estate Co. v. Koontz, 97 Cal. App. 814, 218 P.2d 814. Where, as here, the parties have agreed in writing upon the essential terms of the lease, there is a binding lease, even though a formal written instrument is to be prepared and signed later. Gavina v. Smith, 25 Cal.2d 501, 154 P.2d 681. The usual and ordinary covenants and provisions will be implied by the courts. Reno Club v. Young Inv. Co., 64 Nev. 312, 182 P.2d 1011, 1020, 173 A.L.R. 1145.

Inasmuch as the basic essentials were included within defendant's letter any ambiguities in wording might have been cleared up by parol testimony on the trial of the case. It is interesting to note that none of the cases cited in the majority opinion were disposed of by demurrer or a motion to dismiss—all were tried on the merits. It is my view that the complaint

68

set forth a proper claim for relief, hence it was error for the trial court to grant the motion to dismiss and I would reverse the judgment entered with directions to grant a trial on the merits.

PHELPS, J., concurs.