ENGLE et ux, Appellants v. HEIER, Respondent

(173 N.W.2d 454)

(File No. 10629. Opinion filed January 12, 1970)

George J. Rice, Aberdeen, for plaintiffs and appellants.

Ronayne & Richards, Aberdeen, for defendant and respondent.

HANSON, Judge.

This is an appeal by plaintiffs from a summary judgment entered in favor of defendant upon the pleadings, affidavits, exhibits, and depositions of record.

The plaintiffs, Edgar and Ursula Engle, allege in their complaint, in substance, that on or about July 1, 1964 they entered into an agreement with the defendant, George Heier, for the lease of a store building located at 214 South Main Street in the City of Aberdeen for a term of five years at a monthly rental of $250.00 per month; that defendant repudiated the agreement, refused to execute the lease agreed upon, and refused to give plaintiffs possession of the property, all to their damage in the amount of $4,994.33. Defendant's answer contains a general denial and the statute of frauds is pleaded as an affirmative defense.

In the spring of 1964 plaintiff, Edgar Engle, a resident of Denver, Colorado, was in Aberdeen, South Dakota, looking for a suitable location to establish a franchised restaurant. He contacted a realtor who introduced him to the defendant. At the time Mr. Heier was considering the purchase of a business building located at 214 South Main Street from or through the realtor. Heier and his wife subsequently purchased the property. Before the sale was consummated Heier and Engle conferred and negotiated regarding the possibility of leasing a portion of the building. A proposed lease was prepared by defendant's attorney, but it was never signed by both parties. In the course of the negotiations defendant signed a blank form entitled "ASSIGNMENT AS SECURITY". However, this instrument referred to property located at 101 South Main Street and was never completed or signed by plaintiffs. Later on defendant notified plaintiffs by telegram the building at 214 South Main was not available for leasing.

■ ■ Plaintiffs' cause of action is based upon defendant's refusal to perform an alleged oral agreement for a lease. It was contemplated the oral agreement would be embodied in a later formal written lease. This was never done. Our court has said that "Whether a particular transaction constitutes a lease or a

mere contract for a lease is a question of intention of the parties. If parties intend that an agreement be one of leasing, it so operates notwithstanding a written formal lease is to be later executed. Grigsby v. Western Union Tel. Co., 5 S.D. 561, 59 N.W. 734. On the other hand, if they intend that an agreement should be as finally evidenced by a written lease, there is only an agreement for a lease. Laabs v. Scholl, 43 S.D. 515, 180 N.W. 963". Shaw v. George, 82 S.D. 62, 141 N.W.2d 405. To be binding, an agreement for a lease must be certain as to the terms of the future lease. 32 Am.Jur., Landlord and Tenant, § 28, p. 51. If it appears that any of the terms of the future lease are left open to be settled by future negotiation between the lessor and lessee " 'there is no complete agreement; the minds of the parties have not fully met; and, until they have, no court will undertake to give effect to those stipulations that have been settled, or to make an agreement for the parties respecting those matters that have been left unsettled.' " Cypert v. Holmes, 81 Ariz. 64, 299 P.2d 650.

 In this respect the undisputed facts show plaintiffs failed to produce evidence of a clear and definite oral agreement for a lease. Their complaint alleges the rental agreed upon was $250.00 per month. In his supporting affidavit Edgar Engle, asserts the agreed rental was $275.00 per month. The following portions of Mr. Engle's deposition conclusively show the rental terms for the building were never settled and agreed upon:

"Q. How much rent do you claim was agreed upon?

A. This is vague. I will have to be very frank. Seems to me it was in the category of three to four hundred dollars. I can't tell you for sure. I don't remember the exact figure.

 * * * * * *

Q. And that's the last time you ever saw any written lease?

A. Yes.

Q. How much rent did that lease call for per month?

A. The exact sum I can not tell you.

Q. Do you think it was about three hundred dollars, did you say?

A. Three to four hundred. It was the same amount George and I had discussed previously.

Q. Well now calling your attention to the Complaint on file herein signed by Mr. Rice, I notice it indicates a monthly rental of $250.

A. This is approximate.

Q. You are not sure whether it was two hundred and fifty, three hundred or four hundred?

A. No, I can't."

Viewing the evidence in a light most favorable to plaintiffs the proof shows the terms of the alleged oral agreement were never settled and agreed upon. In the absence of an oral agreement there are no triable issues of fact of any kind and summary judgment was properly entered for defendant. Hoston v. J. R. Watkins Company, 9 Cir., 300 F.2d 869.

Affirmed.

All the Judges concur.