513 P.2d 973

**Richard BLASDELL, Appellant,**

v.

**J. G. BOSWELL COMPANY, a California corporation, Appellee.**

**No. I CA–CIV 1921.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 11, 1973.

Johnson & Shaw, by Marvin Johnson, Phoenix, for appellant.

Ryley, Carlock & Ralston, by John C. Ellinwood, Phoenix, for appellee.

OPINION

HAIRE, Judge.

The plaintiff has appealed from the trial court's granting of defendant's motion for summary judgment. The question presented, as stated by plaintiff, is whether the trial court properly granted defendant's

motion. It appears from the argument that the question can be more specifically stated as whether there were genuine issues of material fact which precluded the disposition of the matter by summary judgment.

Plaintiff filed his complaint seeking to recover $150,000 damages because of the breach by the defendant of an alleged oral lease for one year of 914 acres of farmland. The defendant's answer, among other defenses, denied that any oral lease was ever entered into, but did admit that the parties had engaged in preliminary discussions concerning a lease, that such preliminary discussions were subject to the agreement of the parties concerning other material, detailed and normal provisions of a lease which were never discussed, negotiated or agreed upon, and that the parties' negotiations were to be incorporated into a written lease agreement.

The defendant's motion for summary judgment was based entirely upon the deposition testimony of the plaintiff. After considering the motion for summary judgment, plaintiff's deposition, and a responsive affidavit filed by plaintiff, the trial judge concluded that:

". . . the alleged oral lease was, at best, an agreement to later enter into a written lease of the real property and several of the material terms of the lease were left open to be settled by future conferences between the parties; there was no complete agreement binding on the defendant because the minds of the parties had not fully met; there are no contested, genuine issues as to any material facts and defendant's motion for summary judgment should be granted as a matter of law;"

In both the trial court and this Court the defendant-appellee placed great reliance upon the Arizona Supreme Court's decision in Cypert v. Holmes, 81 Ariz. 64, 299 P.2d 650 (1956), as authority for the granting of summary judgment under the facts disclosed in plaintiff's deposition. At the time of oral argument before this Court,

defendant further cited an analogous decision of Division 2 of this Court, Chu v. Ronstadt, 17 Ariz.App. 486, 498 P.2d 560 (1972), in support of the disposition made by the trial judge. We agree that these authorities are pertinent, and require that the judgment entered by the trial court be affirmed.

In Cypert v. Holmes, *supra,* the Arizona Supreme Court stated:

" 'It may be conceded that an agreement to enter into a lease will neither be enforced in equity nor at law if it appears from the face of the agreement that any of the terms of the lease, no matter how unimportant they may seem to be, are left open to be settled by future conferences between the lessor and lessee. In such cases there is no complete agreement; the minds of the parties have not fully met; and, until they have, no court will undertake to give effect to those stipulations that have been settled, or to make an agreement for the parties respecting those matters that have been left unsettled.' " 81 Ariz. 64, at 66, 299 P.2d 650, at 651.

In Cypert, although apparently a three year term was contemplated, there was no mention of when the term was to commence or when or how the agreed upon rent was to be paid. In view of these omissions, the court held that there was no lease, and that therefore further negotiations were contemplated. These same observations are equally applicable to the facts here set forth by plaintiff himself in his deposition. In addition, plaintiff's deposition shows that there was never any discussion between the parties as to many normal, relevant and material matters pertinent to a lease of property of the nature and value here involved, and that the parties contemplated the preparation of a written lease to cover the proposed transaction. As stated in Chu v. Ronstadt, *supra:*

"Of course, a contract will not be prevented from so operating by the mere fact that the parties also manifest an intention to prepare and adopt a written me-

morial thereof. If all the conditions of the postponed writing are specified in such agreement, it is an agreement *in praesenti,* and as such becomes immediately enforceable. But where the conditions of the deferred contract are not set out in the provisional one, or where material conditions are omitted, it is not a contract *in praesenti* because the minds of the parties have not met and may never meet. Peer v. Hughes, 25 Ariz. 105, 213 P. 691 (1923)." 17 Ariz.App. 486, at 489, 498 P.2d 560, at 563.

Plaintiff's controverting affidavit does not suffice to raise issues of fact vis-a-vis his prior specific depositional testimony. His allegations in the affidavit are largely conclusionary and general, such as:

> "I had a valid oral lease with the Boswell Company. I had it as of January 14, 1971, at which time I accepted a lease with the Boswell Company, dealing with their duly authorized agent, Mr. Raymond, at which time he and I agreed that the lease would be 'on usual terms'.
>
> \*   \*   \*   \*   \*   \*
>
> "While it is true that we did not cover specifically in our oral arrangements every single detail about the particular items set forth on page four of the Motion of the defendant corporation, it is equally true that we agreed to have the lease conform to the way we have done things before."

These conclusionary statements are not supported by evidentiary detail as to how these "agreements" came about, but rather are conclusions of law which do not meet the requirements of Rule 56(e), Rules of Civil Procedure, 16 A.R.S. Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963); Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982 (1959).

We agree with the trial court's conclusion that no issue of material fact has been shown, and that the alleged oral lease was, at best, an agreement to later enter into a written lease of the real property, after the terms thereof had been agreed upon.

The judgment is affirmed.

JACOBSON, C. J., Division 1, and EUBANK, P. J., concur.