517 P.2d 512

**Charles H. RIPPS and Nancy Ripps, his wife, Appellants,**

v.

**Henry J. MUELLER, a single man, and Jack W. Anderson and Kathryn Anderson, his wife, Appellees.**

No. I CA–CIV 2066.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 28, 1973.

Charles H. Ripps, Phoenix, for appellants.

L. Dennis Marlowe, Tempe, for appellees.

OPINION

OGG, Judge.

The appellants-plaintiffs Charles H. Ripps and Nancy Ripps, his wife (hereinafter referred to as buyers), entered into an agreement to purchase an apartment complex from the appellee-defendant Henry J. Mueller (hereinafter referred to as seller).

At the time the sales agreement was signed by the parties the apartments were under construction and the buyers had not seen the architect's plans or specifications. The agreed sales price was to be $1,100,000.00 and the terms of the sale were set out in a general manner on a one-page real estate form purchase contract. The following paragraph was inserted in the form contract:

"This offer made subject to buyer's inspection and written approval in buyer's sole discretion, of plans and specifications within 10 days from the date of acceptance by seller and final agreement as to formal sales contract by parties. If such approval is not given within the time specified *or no formal sales contract is agreed to,* earnest money is completely refundable." [Emphasis added]

Buyers did accept the plans and specifications that were later furnished and did deposit $20,000.00 in earnest money with the real estate agent. Buyers then prepared a nineteen page formal sales contract which seller refused to sign. Seller then notified buyers he would not agree to the formal sales contract and that the sale was off. Seller notified the real estate agent to refund the buyers' $20,000.00 deposit which was done. The buyers brought suit for specific performance or damages

and the trial judge granted summary judgment against them. The buyers now appeal that judgment.

The buyers presented seven questions on appeal; however, it appears these questions all merge in the single determination as to whether the parties entered into a binding contract under which the buyers can now get a judgment for specific performance or damages.

There is the additional question as to whether the trial court could grant summary judgment under the state of the record.

In our opinion the trial court was called upon to interpret the instruments as a question of law and under the facts of this case and the record it was a proper case for summary judgment. T. D. Dennis Builders, Inc. v. Goff, 101 Ariz. 211, 418 P.2d 367 (1966).

It is fundamental that in interpreting a contract the court must attempt to look to the intent of the parties as set forth in the contract instrument. Goodman v. Newzona Investment Co., 101 Ariz. 470, 421 P.2d 318 (1966); Hiett v. Howard, 17 Ariz.App. 1, 494 P.2d 1347 (1972).

It appears this was an agreement to make an agreement and that the parties never intended this one-page form agreement to cover the complexities of the sale of an uncompleted apartment complex involving a sale price of $1,100,000.00. In our opinion agreements to make an agreement are not specifically enforceable when material terms are left to future negotiation. Cypert v. Holmes, 81 Ariz. 64, 299 P.2d 650 (1956); Peer v. Hughes, 25 Ariz. 105, 213 P. 691 (1923); Chu v. Ronstadt, 17 Ariz.App. 486, 498 P.2d 560 (1972).

It further appears that both parties realized they might never agree on a final formal contract and the typewritten paragraph was inserted in the form contract which stated the earnest money would be refunded if no formal contract were agreed to. This was not a liquidated damages provision and if this agreement had been intended as a final agreement there would have been no reason for such a provision. It did give each party an escape clause by providing that if either party does not agree to a final formal contract as submitted by the other, the contract can be terminated and the buyers will be returned their earnest money.

Affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.