723 P.2d 688

**Louis B. NORTON, Plaintiff-Appellee,**

**v.**

**ARIZONA DEPARTMENT OF PUBLIC SAFETY LOCAL RETIREMENT BOARD, an Agency of the State of Arizona, Defendant-Appellant.**

**No. 1 CA–CIV 7488.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 22, 1985.

Winston & Strawn by John A. LaSota, Jr., Paula S. Bickett, Phoenix, for plaintiff-appellee.

Ajamie, Fay & Webb by Amil J. Ajamie, Phoenix, for defendant-appellant.

Snell & Wilmer by Michael P. Anthony, Tibor Nagy, Jr., Phoenix, for amicus curiae.

OPINION

BROOKS, Presiding Judge.

The issue in this case is whether plaintiff-appellee Louis B. Norton ("Norton"), a former member of the Arizona Public Safety Personnel Retirement System ("Retirement System"), is entitled to membership reinstatement under A.R.S. § 38–849 upon his reemployment as a communications technician, a position that no longer qualifies for Retirement System membership. A preliminary discussion of the statutory and regulatory provisions governing the Retirement System is necessary background.

The Retirement System (A.R.S. § 38–841 et seq.) was enacted in 1968 to consolidate various retirement plans covering law enforcement and fire fighting personnel in Arizona. The Retirement System was intended "to provide a uniform, consistent and equitable statewide program for public safety personnel who are regularly assigned to hazardous duty...." A.R.S. § 38–841(B).[1] Eligibility for membership in the Retirement System depends upon whether a person falls within the statutory definitions of "member" and "employee" as follows:

"Member" means any employee, excluding persons in stenographic or clerical positions:

(a) Who is either a full-time paid municipal policeman, fireman, or a law enforcement officer employed by the state including the director thereof and all ranks designated by the Arizona law enforcement merit system council....

A.R.S. § 38–842(15). An "employee" includes "public safety personnel regularly assigned to hazardous duty." A.R.S. § 38–842(11).

Pursuant to A.R.S. § 38–842(15), communications technicians were classified by the merit system council as qualifying for Retirement System membership. A.C.R.R. R13–5–48. However, a 1972 amendment of R13–5–48 eliminated membership eligibility for communications technicians hired after December 1, 1972. The council provided "grandfathered rights" to communications technicians who were existing members of the Retirement System prior to December 1, 1972.

A lump sum payment equal to a member's accumulated contribution is paid upon termination of employment. A.R.S. § 38–846(A). Receipt of a severance benefit cancels a member's prior service credit upon subsequent reemployment unless the former member's reemployment occurs within two years after the termination date and the former member redeposits his accumulated contributions with interest. A.R.S. § 38–849(D).

Norton began employment with the Department of Public Safety in 1969 as a communications technician. He became a member of the Retirement System at that time and remained a member until he voluntarily resigned his employment in March, 1982. He applied for withdrawal of his accumulated retirement contributions and was issued a severance payment. The application for withdrawal specified that "withdrawal of my contributions forfeits any rights to benefits from the System." In addition, the application stated that withdrawal cancelled service credits unless the reemployment and redeposit provisions of A.R.S. § 38–849 were applicable. Norton resumed employment with DPS in his former position as a communications technician on January 31, 1983. He requested reinstatement to the Retirement System and was ready and willing to redeposit his accumulated contributions with interest. Norton's request for reinstatement was denied by defendant-appellant Arizona Department of Public Safety Local Retirement Board ("The Board"), because the

---

1. Article IV, Title 38, A.R.S. was amended and renumbered by Laws 1983, Ch. 300. This opinion refers to the statutes as they existed prior to this amendment.

position no longer qualified for Retirement System membership.

Norton appealed the denial of reinstatement to the superior court pursuant to A.R.S. §§ 38–847(G) and 12–124(A). He filed a complaint requesting *de novo* review of The Board decision and requested that the court order The Board to reinstate his membership and prior service credits to the Retirement System. Norton then filed a motion for summary judgment. The motion was granted by the trial court which made the following findings:

(1) Plaintiff had a vested right to participation in the Public Safety Personnel Retirement System ("PSPRS") prior to his voluntary retirement on March 31, 1982.

(2) As a "former member" of PSPRS, Plaintiff has a right to seek reinstatement by complying with the provisions of A.R.S. § 38–849(D) requiring reimbursement and redeposit after reemployment within two years of termination.

(3) Plaintiff's present job classification is the same as it was when he was previously employed and covered by PSPRS.

(4) His reemployment within two years of termination and timely request for reinstatement entitles him to the benefits of 38–849(D).

On appeal, The Board contends that Norton is not entitled to reinstatement in the Retirement System because he does not presently qualify as a member. Norton counters with the argument that he is entitled to reinstatement under A.R.S. § 38–849 as a former member reemployed in a position that originally qualified for membership. He alternatively contends that his original employment provided vested rights in the Retirement System and that subsequent administrative changes in membership designations cannot be applied retroactively. Finally, he argues that, in addition to his statutory right to resume membership, The Board is estopped from denying reinstatement due to "statutory representations" as to the terms and conditions of the Retirement System.

■ We hold that qualification as a "member" of the Retirement System is a necessary prerequisite to the reinstatement of service credits for former members under A.R.S. § 38–849. Although this section does not specifically condition reinstatement of service credits upon membership eligibility, it does not exempt former members from the overall membership qualification requirement of the Retirement System. Norton's interpretation of A.R.S. § 38–849 would require us to treat statutes relating to the same subject as unrelated. A general, comprehensive statute and a special statute dealing with part of the same subject more specifically should be read together and harmonized. *Arden-Mayfair, Inc. v. State*, 123 Ariz. 340, 599 P.2d 793 (1979). Since Norton's membership in the Retirement System terminated upon his withdrawal from the system, his membership eligibility *upon reemployment* cannot be established by the fact that the position previously qualified for membership.

Norton argues that he acquired "vested rights" to continue membership in the Retirement System under the principles set forth in *Yeazell v. Copins*, 98 Ariz. 109, 402 P.2d 541 (1965). In *Yeazell*, the supreme court held that a state employee had a right to rely upon the terms of the pension statute in existence at the time he began his employment and that "subsequent legislation may not be arbitrarily applied retroactively to impair the contract." 98 Ariz. at 117, 402 P.2d at 546. This case is readily distinguishable from the case at hand. The Board has not retroactively applied the conditions of a subsequent reclassification of the communications technician position to Norton's *original* contract of employment. To the contrary, Norton's original contract of employment terminated upon his resignation. His reemployment formed a new contract subject to the statutory and regulatory provisions applicable at the time of his reemployment.

■ We further find no merit to Norton's equitable estoppel argument. His mistaken interpretation of the statutory

and regulatory provisions of the Retirement System cannot form a basis for equitable estoppel. The Board made no representation of fact that Norton's original qualification as a member of the Retirement System would entitle him to membership upon his reemployment after termination. The doctrine of equitable estoppel requires affirmative action or conduct by the estopped party. *Joy Enterprises, Inc. v. Reppel,* 112 Ariz. 42, 537 P.2d 591 (1975).

For the foregoing reasons, the summary judgment and award of attorney's fees entered in favor of Norton is reversed and this case is remanded with directions to enter judgment in favor of Public Safety Personnel Retirement System denying Norton reinstatement.

JACOBSON, C.J., and GREER, J., concur.