723 P.2d 652

**Louis B. NORTON, Plaintiff-Appellee,**

v.

**ARIZONA DEPARTMENT OF PUBLIC SAFETY LOCAL RETIREMENT BOARD, an Agency of the State of Arizona, Defendant-Appellant.**

No. 18429–PR.

Supreme Court of Arizona, In Banc.

June 20, 1986.

Winston & Strawn by Paula S. Bickett and John A. LaSota, Jr., Phoenix, for plaintiff-appellee.

Ajamie, Fay & Webb by Amil J. Ajamie, Phoenix, for defendant-appellant.

Eaton, Lazarus, Dodge & Lowry, Ltd. by Marc R. Lieberman, Phoenix, amicus curiae, for defendant-appellant.

CAMERON, Justice.

This is a review of a decision and opinion of the court of appeals which reversed the trial court's grant of summary judgment and attorney's fees to the plaintiff, Louis B. Norton, and remanded the matter to the trial court with instructions to enter judgment for the defendant, Local Retirement Board. *Norton v. Arizona Department of Public Safety Local Retirement Board,*

150 Ariz. 339, 723 P.2d 688 (App.1985). We have jurisdiction pursuant to art. 6 § 5(3) of the Arizona Constitution, A.R.S. § 12–120.24 and Rule 23, Ariz.R.Civ.App.P., 17A A.R.S.

The sole issue presented for review is whether a person is entitled to automatic reinstatement in the Public Safety Personnel Retirement System pursuant to A.R.S. § 38–849(D) when he is reemployed within two years in his former position, but which position no longer qualifies for membership in the Public Safety Personnel Retirement System.

The facts follow. Norton began working for the Department of Public Safety (DPS) as a communications technician in 1969. At that time, communications technicians were within the "ranks designated by the Arizona law enforcement merit system council" (LEMSC) for membership in the Public Safety Personnel Retirement System (PSPRS), a special retirement system for public safety personnel regularly assigned to hazardous duty. A.R.S. § 38–841 *et seq.*

In 1972, the LEMSC decided that after December 1, 1972, the position of DPS communications technician would no longer qualify for PSPRS membership but would instead be covered by the general Arizona State Retirement System. Current DPS communications technicians, such as Norton, would, however, be allowed to continue participating as members of PSPRS. Therefore, Norton remained a member of PSPRS until he voluntarily resigned, after twelve years with DPS, in March 1982.

Upon his resignation, Norton filed an application for a Separation Benefit (i.e., withdrawal of his accumulated retirement contributions). The application, which Norton signed, stated in pertinent part:

> I hereby make application for the refund of my contributions to the Arizona Public Safety Personnel Retirement System. I understand that if I have at least ten years of membership that I may elect a deferred retirement benefit and that withdrawal of my contributions forfeits any rights to benefits from the System.

The application also contained the notice:

> If you withdraw your contributions your service credits will be cancelled. *These service credits can be reinstated only if you are reemployed by your last employer within two years, and redeposit your contributions with interest to date of redeposit, with written election to be made within sixty days of reemployment.* A.R.S. § 38–849.

(emphasis added).

On 31 January 1983, within the two year period for reinstatement of his service credits, Norton was reemployed by DPS in his former position as a communications technician. He timely requested reinstatement in the PSPRS pursuant to A.R.S. § 38–849(D) [1] and offered to redeposit his previous contributions plus interest. His request was denied on the grounds that the position of communications technician no longer qualifies for PSPRS membership.

After exhausting his administrative remedies, Norton appealed to the superior court. The superior court granted summary judgment in Norton's favor, finding:

1. Plaintiff had a vested right to participation in the Public Safety Personnel Retirement System ("PSPRS") prior to his voluntary retirement on March 31, 1982.

2. As a "former member" of PSPRS, Plaintiff has a right to seek reinstatement by complying with the provisions of A.R.S. § 38–849(D) requiring reimbursement and redeposit after re-employment within two years of termination.

3. Plaintiff's present job classification is the same as it was when he was previously employed and covered by PSPRS.

---

**1.** The statutes governing the Public Safety Personnel Retirement System were extensively amended in 1983. To avoid confusion, the statutes in this opinion are those that existed at the relevant time, prior to 1983.

4. His re-employment within two years of termination and timely request for re-instatement entitles him to the benefits of § 38–849(D).

The DPS Local Retirement Board appealed and the court of appeals reversed holding that Norton's membership in the PSPRS terminated upon his withdrawal from the system, and his membership eligibility *upon reemployment* could not be established by the fact that the position previously qualified for membership. We granted Norton's petition for review.

A.R.S. § 38–849(D) in effect at all times mentioned herein reads:

If a member who received a severance benefit upon termination of employment, ..., is subsequently reemployed by an employer, his prior service credits shall be cancelled and service shall be credited only from the date his most recent reemployment commenced. Notwithstanding the foregoing, if such former member's reemployment occurred within two years after his termination date, and, within sixty days after reemployment he signs a written election consenting to a timely reimbursement to the fund, he shall be required to redeposit the amount of his accumulated contributions at the time of his separation from service, with interest thereon to date of redeposit. *Upon satisfaction of this obligation the member's prior service credits shall be reinstated.*

(emphasis added).

The fund manager, as amicus curiae, argues that A.R.S. § 38–849(D) entitles petitioner to credit for his years of prior service, but not membership in PSPRS. He, therefore, concedes that the court of appeals erred in not reinstating petitioner's prior service credits. However, the fund manager maintains that these "reinstated service credits" must then be transferred to the Arizona State Retirement System pursuant to A.R.S. § 38–857. That statute provides:

[a] member who changes employment or transfers or is assigned to a position in which such member is no longer eligible to be a member of this system, because of a change in duties or otherwise, with the same or another public employer participating in the state employees retirement system ... shall have all credited service transferred to the retirement system or program applicable to the new position.

It is the position of the fund manager that the plain intent of A.R.S. § 38–849(D) is simply to allow a rehired employee to revive his prior years of state service and apply them toward retirement. The statute does not refer, however, to membership in PSPRS and does not provide reinstatement to full membership in the System by simply becoming reemployed by a participating employer.

We believe, as the fund manager concedes, that Norton's twelve years of prior service credits should be reinstated. Norton timely requested such reinstatement upon being rehired and is entitled to the years of service credits he had earned. The issue, therefore, narrows to whether Norton is also entitled to the reinstatement of his membership in PSPRS or whether his prior service credits must be transferred to the Arizona State Retirement System, for which he is currently eligible for membership.

The Public Safety Local Retirement Board contends that to be eligible for membership in PSPRS, Norton had to meet the statutory definitions of both "member" and "employee." "Member" is defined at A.R.S. § 38–842(15) as follows:

"Member" means any employee, excluding persons in stenographic or clerical positions:

(a) Who is either a full-time paid municipal policeman, fireman, or a law enforcement officer employed by the state including the director thereof and all ranks designated by the Arizona law enforcement merit system council ....

"Employee" is defined to include "public safety personnel regularly assigned to hazardous duty." A.R.S. § 38–842(11).

Norton then, according to the Board, was not entitled to reinstatement in PSPRS because he did not at the time of reemployment qualify as a member. We do not agree.

Although A.R.S. § 38–842(15) only provides that the service credits shall be reinstated, we believe that membership in PSPRS logically follows and that the case of *Yeazell v. Copins,* 98 Ariz. 109, 402 P.2d 541 (1965), is dispositive of this issue. In *Yeazell,* we adopted the contract theory of retirement benefits, holding "that the legislature, by subsequent enactment, cannot modify the original pension terms unless the employee consents thereto". *Yeazell v. Copins,* 98 Ariz. at 118, 402 P.2d at 547, (UDALL, J., dissenting). In *Yeazell, supra,* a police officer had in 1962 retired after over 20 years of service. In 1952, the police pension act was amended to provide lesser retirement benefits than those in existence when he entered the service. We stated:

> It is [evident] from what we have said that appellant had the right to rely on the terms of the legislative enactment of the Police Pension Act of 1937 as it existed at the time he entered the service of the City of Tucson and that the subsequent legislation may not be arbitrarily applied retroactively to impair the contract. Appellant's right to be retired under the Police Pension Act of 1937 existed until he evidenced an intention to be bound by or assented to the modifications provided in the amendment of 1952. The presumption would, of course, be that until appellant exercised his right of election the 1952 amendment was acceptable to him, but once having made an election both he and his widow are forever bound thereby.

98 Ariz. at 117, 402 P.2d at 546.

In the instant case, the court of appeals held that "Norton's original contract of employment terminated upon his resignation" and that "his reemployment formed a new contract subject to the statutory and regulatory provision applicable at the time of employment". 150 Ariz. at 339, 723 P.2d at

688. This would be true if Norton had waited until after the specified two years to apply for reinstatement. In this case, however, Norton applied within the two years as allowed by A.R.S. § 38–849(D) and his contract right to be reinstated in the PSPRS had not terminated. *Yeazell, supra.*

Norton had a contractual interest in returning within two years to his job and its pension plan as it had been before his resignation. He had the right to leave his employment, if he wished, with the knowledge that if he was reemployed within two years, not only would his service credits be reinstated, but also his membership in PSPRS.

Opinion and decision of the court of appeals is vacated. Judgment affirmed.

HOLOHAN, C.J., and HAYS and FELDMAN, JJ., concur.

Note: GORDON, V.C.J., did not participate in the determination of this matter.