FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



PLAZA 75 SHOPPING CENTER, LLC, a
Delaware limited liability company,

Plaintiff - Appellant,

v.

BIG LOTS STORES INCORPORATED,
an Ohio corporation,

Defendant - Appellee.

No. 11-15298

D.C. No. 2:10-cv-00592-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted May 18, 2012
San Francisco, California

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SELNA, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James V. Selna, District Judge for the U.S. District
Court for the Central District of California, sitting by designation.

Plaza 75 Shopping Center, LLC ("Plaza 75") appeals the district court's entry of summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Section 3.C (the "kickout" provision) of the lease agreement states:

> Kickout: Any other provision of this Lease to the contrary notwithstanding, if Tenant's annual Gross Sales (as hereinafter defined) for the Demised Premises during the fifth (5th) year of the Term (i.e., the 49th through 60th months of the Term) does not exceed Three Million Five Hundred Thousand and no/100 Dollars ($3,500,000.00), then Tenant may terminate this Lease, by giving to Landlord no less than one hundred twenty (120) and no more than two hundred seventy (270) days' written notice of termination within one hundred twenty (120) days following the end of the 60th month of the Term. In the event Tenant fails to timely deliver such notice, Tenant shall have no further right to terminate this Lease pursuant to this Section 3.C.

By subsequent letter agreement, the parties agreed that the kickout notification must be given between June 1, 2008 and October 28, 2008.

Neither party disputes that Big Lots Stores Incorporated's ("Big Lots") fifth year gross sales were below $3,500,000. Neither party disputes that Big Lots provided written notice to terminate the lease before October 28, 2008. The parties only dispute whether the language "no less than one hundred twenty (120) and no more than two hundred seventy (270) days' written notice of termination" required Big Lots to provide Plaza 75 a specific date when the lease would terminate within

2

that same time period.  Notably, Plaza 75 and Big Lots argue that the language of the kickout provision is clear and unambiguous; thus, we interpret that language as a question of law.  *See Phillips v. Flowing Wells Unified Sch. Dist. No. 8 of Pima Cnty.*, 669 P.2d 969, 971 (Ariz. Ct. App. 1983).

"[A] lease contract is effective and enforceable according to its terms . . . ." Ariz. Rev. Stat. Ann. § 47-2A301.  "[A] court must give effect to the contract as it is written, and the terms or provisions of the contract, where clear and unambiguous, are conclusive."  *Goodman v. Newzona Inv. Co.*, 421 P.2d 318, 320 (Ariz. 1966).  "A contract is not ambiguous just because the parties to it or, . . . a party to it and the other party's successor, disagree about its meaning."  *In re Estate of Lamparella*, 109 P.3d 959, 963 (Ariz. Ct. App. 2005).  "The intent of the parties, as ascertained by the language used, must control the interpretation of a contract."  *Goodman*, 421 P.2d at 320.  "The object of all rules of interpretation is to arrive at the intention of the parties as it is expressed in the contract.  There are many rules of interpretation which can be utilized in reaching the intent of the parties . . . , includ[ing] . . . reading the contract as a whole . . . ."  *Phelps Dodge Corp. v. Brown*, 540 P.2d 651, 653 (Ariz. 1975) (citation omitted); *Chu v. Ronstadt*, 498 P.2d 560, 563 (Ariz. Ct. App. 1972) ("It is therefore incumbent upon [the court] to interpret the meaning of these words in light of the intention of the

parties as shown by the whole writing, and not to isolate the words and give them a meaning foreign to such intention."). Therefore, the requirements of the lease are ascertained from the lease itself, and other requirements or deficiencies cannot be created from another source.

Interpreting the language of the kickout provision, it requires a notice of termination be provided before October 28, 2008. It also requires that the lease continues for at least 120 days (and not more than 270 days) after giving such notice. The language of the kickout provision does not require that the lessee include a specific date of termination.

Reviewing the lease agreement as a whole buttresses our interpretation of this language. Similar to the kickout provision, section 4.C of the lease requires notice of termination within a certain time period (although in a different context) but also expressly requires that the notice of termination set forth a specific date. Unlike section 4.C, the kickout provision does not require that a specific date of termination must be set forth in the notice. Therefore (from a reading of the lease agreement as a whole), the kickout provision did not require that the kickout notice of termination include a specific date of termination or it would have so stated.

Plaza 75 argues that Big Lots' inclusion (in its termination notice) of a termination date less than 120 days after it gave notice invalidates the notice.

4

However, because we construe the lease provision and not the notice of termination, adding a date of termination did not invalidate the notice. The plain language of the kickout provision does not require a specific date of termination. Further, Big Lots strictly complied with the kickout provision.[1] Big Lots gave notice of its intent to terminate under the kickout provision before October 28, 2008, and continued its obligations for 120 days from the date the notice was received. Even if Big Lots had wanted to quit the premises prior to the passing of 120 days (as indicated in the notice), it would have been required to pay the rent for at least 120 days.

Lastly, there was no "cure," because the notice was never defective.

**AFFIRMED.**

---

[1] The parties dispute whether an early termination provision is analogous to an option and therefore must be strictly construed under Arizona law. *See Andrews v. Blake*, 69 P.3d 7, 14, 17 (Ariz. 2003). Because Big Lots strictly complied under a strict construction of the kickout provision, we need not decide whether Arizona would strictly construe this early termination provision as an option.